### DAVID ILSLEY *vs.* JOHN JEWETT & others.

Where a defendant, in an action *ex contractu*, relies on the statute of limitations, but judgment is rendered against him on proof of his having made a new promise which removed the statute bar, the judgment is considered as rendered on the old contract Hence, where a defendant, against whom such a judgment was rendered in 1840 — the old contract having been made before April 2d 1834 — was committed to jail on the execution which issued upon that judgment ; it was held that the jail limits, to which he was entitled by Rev. Sts. *c.* 14, did not extend beyond the boundaries of the town in which the jail was situated, and that, by going out of that town, he had broken the condition of his bond for the liberty of the jail limits.

THIS was an action of debt on a bond for the liberty of the prison limits, and was submitted to the court on the following facts agreed by the parties :

In 1814, the plaintiff paid money as surety for John Jewett, one of the defendants, and in 1840 brought a suit against him to recover back the money so paid. Said Jewett, among other defences, relied on the statute of limitations. The plaintiff, to meet this part of the defence, proved a part payment by the defendant, in 1839, and by reason thereof recovered judgment against him, at November term, 1840, as stated and shown in the report of the case of *Ilsley* v. *Jewett*, 2 Met. 168, which is to be considered as part of this case. Said judgment was for the sum of $349·89 damages, and $44·95 costs of suit, and the plaintiff took out execution thereon, and caused the defendant to be committed, on said execution, to the jail in Ipswich. Said defendant, and his co-defendants in this suit, as his sureties, thereupon gave bond for the liberty of the prison limits, conditioned, (as is required by the Rev. Sts. c. 97, § 63,) that he would not go without the exterior limits of the prison, until he should be lawfully discharged, &c. But after the giving of said bond, and before the commencement of this suit, and also before he was discharged, he went, several times, without the boundaries of the town of Ipswich.

Defendants to be defaulted, if such going without the boundaries of the town of Ipswich was a breach of the condition of said bond ; if not, the plaintiff to become nonsuit.

*O. P. Lord*, for the plaintiff. By the Rev. Sts. c. 14, § 14, a debtor, committed on execution issuing upon a judgment recovered on a contract made before the 2d of April 1834, is entitled only to the limits of the jail yard as established by *St.* 1834, c. 201 ; viz. the boundaries of the city or town in which the jail, to which he is committed, is situated. The single question presented by the facts agreed is, therefore, this : Was the judgment recovered by the plaintiff against John Jewett, in 1840, recovered on a contract made in 1814, or in 1839 ? on the old contract, which arose upon the plaintiff's paying money for him, as his surety, or on the new promise made by him, in 1839, by his making part payment ?

The statute of limitations bars only the remedy on a contract, and does not discharge the contract itself. Unless a new prom-

ise or acknowledgment is made, the remedy is barred from con-
siderations of public policy, laying out of the question any con
sideration whether the debt be or be not paid. Per Sedg-
wick, J. 7 Mass. 517. S. P. 13 Mass. 203. But when a
new promise or acknowledgment is made, " *the contract* is not
within the intent of the statute." *Baxter* v. *Penniman*, 8 Mass.
134. *Fiske* v. *Needham*, 11 Mass. 453. See also *Newlin* v.
*Duncan*, 1 Harring. 204.

A judgment on a demand which is taken out of the operation
of the statute of limitations, by a new promise, is recovered on
the original contract, and not on the new promise. This ap-
pears from various considerations. Thus : In *Cogswell* v. *Dolli-
ver*, 2 Mass. 223, it was said by Sedgwick J. that if any arti-
cles, charged in an account, were sold and delivered within six
years next before action brought, " they will draw after them
the articles beyond six years, and exempt them from the opera-
tion of the statute."

An acknowledgment made after action brought will support
the action on the original contract. *Yea* v. *Fouraker*, 2 Bur.
1099. So an acknowledgment by an executor, administrator
or guardian, will bind the estate of the deceased or the ward.
*Brown* v. *Anderson*, 13 Mass. 203. *Emerson* v. *Thompson*,
16 Mass. 429. *Manson* v. *Felton*, 13 Pick. 206. So an ac-
knowledgment made to a stranger will prevent the operation of
the statute. *Richardson* v. *Fen*, Lofft, 86. *Mountstephen* v.
*Brooke*, 3 Barn. & Ald. 141. *Peters* v. *Brown*, 4 Esp. R.
46. *Harvey* v. *Tobey*, 15 Pick. 99. And a parol acknowl-
edgment of a contract, required by the statute of frauds to be
in writing, has the same effect. *Gibbons* v. *M'Casland*, 1
Barn. & Ald. 690. So an acknowledgment by one joint debt-
or will bind the others. *Whitcomb* v. *Whiting*, 2 Doug. 652.
*Perham* v. *Raynal*, 2 Bing. 306. *Johnson* v. *Beardslee*, 15
Johns. 3. *White* v. *Hale*, 3 Pick. 291. Even by one partner
after a dissolution of the partnership. *Wood* v. *Braddick*, 1
Taunt. 104. *Simpson* v. *Geddes*, 2 Bay, 533.

In addition to all these proofs that the original contract has
always been regarded as the cause of action, is the univer-

sal practice of declaring on the original contract, and the established doctrine that proof of a new promise supports such declaration. *Leaper* v. *Tatton*, 16 East, 423. *Upton* v. *Else*, 12 Moore, 304.

*Perkins*, (*Ward* was with him,) for the defendants. John Jewett, by giving the plaintiff a negotiable note, in part payment, (2 Met. 169,) entered into a new contract, and gave the plaintiff a new remedy. "The reason," say Lord Ellenborough and Parke, J. "why a part payment takes a case out of the statute is, that it is evidence of *a fresh promise*." 1 Barn. & Ald. 93. 3 Barn. & Adolph. 511. S. P. *Sigourney* v. *Drury*, 14 Pick. 390, 391. *Clark* v. *Hooper*, 10 Bing. 481. A new promise subjects a defendant to the remedy applicable to a new contract. In *Presbrey* v. *Williams*, 15 Mass. 194, where part payment had been made on a note, Jackson, J. said the plaintiff "might have brought his action," on the day of such payment, "as upon the new promise then made." In *Little* v. *Blunt*, 9 Pick. 494, Wilde, J. says, "the new promise actually gives the remedy, and is substantially the cause of action." And Richardson, C. J. in *Exeter Bank* v. *Sullivan*, 6 N. Hamp. 136, says, "the new promise is not deemed to be a continuance of the original promise, but a new contract, supported by the original consideration." S. P. 3 Bing. 643, per Gaselee, J. *Pittam* v. *Foster*, 1 Barn. & Cres. 250. *Tanner* v. *Smart*, 6 Barn. & Cres. 606. *Jones* v. *Moore*, 5 Binn. 577. 4 Phil. Ev. (4th Amer. ed.) 138. *Bell* v. *Morrison*, 1 Pet. 371. Acknowledgment of a promise by a party, and that he has not performed it, "*creates* a debt," says Bayley J. 16 East, 423. These authorities show that a new promise does not operate by way of reviving the old promise, or waiving the statute bar, but by creating a fresh contract. There is, at the present day, no difference between promises to pay debts barred by the statute of limitations, and debts discharged under a bankrupt or insolvent act, or debts contracted during infancy. An express promise is necessary, to remove either of these bars. *Robarts* v. *Robarts*, 3 Car. & P. 296. *Oakes* v. *Mitchell*, 3 Shepley, 360. *Moore* v. *Bank of Columbia*, 6 Pet. 86. *Sands* v. *Gel-*

*ston,* 15 Johns. 519.   As it regards the statute of limita-
tions, there must be a cause of action within six years, and
that cause accrues upon the making of a new express promise.
The old promise — as in case of a bankrupt or infant — is
merely a basis or consideration for the new one.   *Lonsdale*
v. *Brown,* 4 Wash. C. C. 150.   *Searight* v. *Craighead,* 1
Pennsyl. 138.   *Mills* v. *Wyman,* 3 Pick. 209, 210.   The new
promise *may be* declared on ; 1 Selw. N. Prius, (4th Amer.
ed.) 49 ; which shows that it is a new cause of action.   It is in-
deed the common practice, as Lord Ellenborough says, 16 East,
423, to declare on the original contract.   " Probably," says
Best, C. J. 12 Moore, 304, " the new promise *ought* in strict
ness to be declared on specially, but the practice is inveterate
the other way."   In 3 Bing. 332, he expressed a still stronger
opinion.   But this practice is anomalous, and is not allowed in
suits by executors or administrators.   In England, and perhaps
in all the States of the Union, except Massachusetts and New
Hampshire, if an executor or administrator sues for a debt of
the deceased, and relies on a new promise to himself, to take it
out of the statute of limitations, he must declare specially on
the new promise, or the evidence of such promise will not sup-
port the declaration.   Stephen Pl. 405, 406.   Gould Pl. 453,
454.  2 Stark. Ev. 552, and American cases cited in the *notes.*
1 Chit. Pl. (6th Amer. ed.) 234. 392.   See also *Pittam* v.
*Foster,* 1 Barn. & Cres. 248.   Lawes Pl. in Assump. 730 –
732.   In *Baxter* v. *Penniman,* 8 Mass. 133, and in *Buswell* v.
*Roby,* 3 N. Hamp. 467, it was held, however, that an admin-
istrator need not declare on the new promise ; and thus the
anomaly has been extended further, in this Commonwealth and
in New Hampshire, than is known to have been done elsewhere.
But whether the one or the other form of declaring is adopted,
yet, as said by Wilde, J. " the new promise gives the remedy,
and is substantially the cause of action — for without it there
was no cause of action."   9 Pick. 492, 494.   The statute bar
is removed by a new promise, either because the presumption
of payment is thereby removed ; or because the defendant there-
by waives the benefit of the statute ; or because a new contract

is thereby made, which is supported by the old consideration. The cases that have been cited show that the latter is the only reason which courts now recognize : And therefore as the new contract gives the remedy, and is the contract on which, in effect, the judgment is recovered, the defendant, if committed in execution on the judgment, is entitled to the enlarged jail limits, viz. the whole county. Rev. Sts. c. 14, § 13.

SHAW, C. J. In debt on a prison bond given July 14th 1841, the question is, whether the bond was broken by the escape of the prisoner ; and this again depends upon the question, what were the prison limits of Ipswich jail, for this prisoner, in 1841 ? This depends upon Rev. Sts. c. 14, §§ 13, 14, prescribing different limits in different cases. " On executions issuing upon judgments, recovered upon contracts made before the 2d of April 1834, the limits of each jail shall remain as the same were established previously to that day." § 14. It is conceded, that prior to 1834, the jail limits included a space much less than the bounds of the town of Ipswich. If then the contract, on which the plaintiff recovered his former judgment, in pursuance of which the defendant was committed, was made prior to the 2d of April, 1834, so that the limits for him were those which existed in 1834, then the defendant made an escape, and the bond was forfeited.

It appears that Adams and Ilsley were sureties for John Jewett on a promissory note ; that Adams paid the whole in the first instance ; that afterwards Adams demanded of the plaintiff one half, by way of contribution, as he had a right to do ; and the plaintiff paid the same, as he was bound to do. On that payment, the defendant John Jewett, as principal promisor, became indebted to the. plaintiff, and liable to pay him the same amount on demand. This liability arose from the implied promise of the principal, made at the time of the plaintiff's becoming his surety, that, in case the plaintiff should be called on to pay any thing in consequence of such suretyship, the principal would repay the same on demand. [See *Appleton* v. *Bascom, ante,* 171.]

Afterwards in 1839, the transaction took place, as stated in

2 Met. 168, which was held by the court sufficient evidence of part payment to take the case out of the statute of limitations, and the plaintiff had judgment; and the question is, whether this is a judgment recovered on a contract made before April 1834. The case has been very well argued on both sides, and all the authorities, we believe, fully cited. The court are of opinion, that the judgment must be considered as rendered on the old contract; that a payment, or new promise, or an admission from which a new promise may be inferred, is considered as removing out of the way a bar arising from the statute of limitations, so as to enable the creditor to recover notwithstanding the limitation; and not as the creation of a new substantive contract, which is to be the basis of the judgment. We are therefore of opinion, that the facts show a breach of this bond, and that the plaintiff is entitled to recover.

*Defendants defaulted.*